AO 106 (Rev. 04/10) Application for a Search Warrant    AUTHORIZED AND APPROVED/DATE: s/ Nick Coffey 6/2/23

*a mb*
*k/6/23*

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A gray Google Phone, serial number unknown, located at HSI 3625 NW 56th St., Third Floor, Oklahoma City 73112 | ) ) ) ) ) ) ) | Case No. M-23- 444-AMG |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ **Western** _____ District of _____ **Oklahoma** _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy |
| 21 U.S.C. § 841 | Distribution of a Controlled Substance |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Josh Reinsch, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/6/23

_____
*Judge's signature*

City and state: Oklahoma City, Oklahoma

Amanda Maxfield Green, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the matter of the search of a **gray Google phone, serial number unknown**, located at HSI Oklahoma City, 3625 NW 56th St., Third Floor, Oklahoma City, Oklahoma 73112 | Case No. _____ |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Josh Reinsch, Special Agent with the Homeland Security Investigations (HSI), having been duly sworn, depose and state as follows:

1.    I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device identified below and in **Attachment A**, which is currently in law enforcement possession—and the extraction from that property of electronically stored information described in **Attachment B**, which constitute evidence, instrumentalities, and fruit of violations of 21 U.S.C. §§ 841(a)(1) and 846.

2.    I am a special agent ("SA") of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and as such am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C.

§ 2516.  I have been employed as a special agent with DHS/ICE/HSI since January 2010.  I am currently assigned to the HSI Office of Grand Rapids, Michigan.

3.      During the course of my employment, I have participated in numerous drug investigations involving marijuana, cocaine, heroin, fentanyl, and methamphetamine, which have resulted in the arrests of targets, the seizure of illicit drugs and drug-related evidence, and the forfeiture of drug-related assets.  I have conducted and supervised complex financial investigations involving the trafficking of drugs and other contraband, and money laundering including the structuring, placement, and layering of large amounts of U.S. Currency.  I have participated in and/or executed search and seizure warrants authorizing the search of locations used by drug traffickers and their co-conspirators, as well as vehicles used to transport controlled substances.  Materials searched for and recovered in these locations have included controlled substances, packaging materials, scales, cutting agents, weapons, documents and papers reflecting the identities of co-conspirators and receipts for concealed investments, and proceeds from the distribution of controlled substances.  I have personally participated in interviews of witnesses and cooperating sources regarding illegal trafficking in drugs and have read official reports of similar interviews by other officers.  I have also

participated in surveillance operations, observing and recording movements of persons trafficking drugs and those suspected of trafficking drugs.

4.    I have participated in four federal wiretap investigations throughout my career. During those wiretap investigations, I acted as a wire room supervisor, and as surveillance and operations Team Leader. During all of the above-referenced wiretap investigations, I drafted affidavits for search warrants, organized surveillance operations, interviewed suspects, and executed search warrants. I have conducted minimization, monitoring, and summarization procedures required as part of a wiretap investigation. I also authored numerous tracking warrants to obtain precision location information for cellular telephones. As a result, I have gained knowledge of the methods utilized by drug traffickers and other criminals to avoid detection by law enforcement. In light of this training and experience, I know the following:

a.    I am aware of the methods in which drug couriers and money launderers associated with drug trafficking organizations (DTOs) often use electronic devices, including computers, tablets, cell phones, and other electronic storage devices, to communicate and execute electronic transactions which can, in turn, create automatic records and documentation of the transactions;

b.    I am aware that that it is particularly common for individuals engaged in the sale and distribution of illegal narcotics and/or money

laundering to use electronic devices to track and document financial transactions;

c.      I am aware that individuals engaged in drug trafficking and/or money laundering will often maintain more than one cell phone or electronic device, and that they will frequently keep contact information and other evidence of their financial dealings with DTOs on cellular phones, computers, tablets, and other storage devices and that they often keep such electronic devices on or near their person.

d.      I am also aware that individuals engaged in the sale and distribution of illegal narcotics and/or money laundering will use cellular phones to further their financial businesses using digital communication, including, but not limited to, e-mail and instant messaging; and

e.      I am aware that drug traffickers and money launders use their cellphones and other electronic devices to execute financial transactions through banks, financial institutions, and peer-to-peer mobile payment platforms in furtherance of their drug trafficking.

5.      I am submitting this Affidavit in support of a search warrant authorizing a search of one cellular telephone, a **gray Google phone, serial number unknown, currently in the custody of HSI Oklahoma City** (hereinafter the **SUBJECT DEVICE**), as further described in **Attachment**

4

A, which is incorporated into this Affidavit by reference. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of **SUBJECT DEVICE** for the purpose of identifying electronically stored data that is particularly described in **Attachment B**, which constitute instrumentalities, evidence, and fruits of violations of 21 U.S.C. §§ 841(a)(1), 846. The requested warrant would also authorize the seizure of the items and information specified in **Attachment B**.

6.    Based on my training, experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 841(a)(1) and 846 have been committed by **Ahmed Harrold (HARROLD)** and others. There is also probable cause to search the property described in **Attachment A** for instrumentalities, evidence, and fruits of these crimes, as described in **Attachment B**.

7.    Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

5

## PROBABLE CAUSE

8.     HSI, DEA, and IRS are presently investigating Naigang Lin (LIN) and his associates for money laundering and black-market marijuana distribution.  As explained in more detail below, LIN—a longtime Michigan resident—appears to have relocated to the Western District of Oklahoma, where he serves as a marijuana broker, taking advantage of the state's recent increase in marijuana grows—many of which investigators have determined are out of compliance with state law and are selling marijuana on the black-market. I believe that LIN is being sourced by these marijuana grows and is also providing money-laundering services to them.  The investigation has established that **HARROLD**, from whom the **SUBJECT DEVICE** was recently seized, is a business partner of LIN.  For instance, On January 19, 2022, HSI agents established surveillance of the 68th Street Residence.  At this time, GPS location information on **LIN's** phone number (616) 606-2484 indicated that **LIN** was in Oklahoma City, Oklahoma.  While conducting surveillance, agents observed a red Chevrolet Impala bearing Michigan license plate 6NCC09, arrive at the residence.  Database checks indicate this vehicle is registered to **HARROLD** at 2855 Ottawa Ave SW, Grandville, Michigan. Agents observed **HARROLD** exit the Impala and enter the residence.

9.     Several minutes later, **HARROLD** exited the residence through an open garage door carrying a large Home Depot box, which he put into the

trunk of the Impala. **HARROLD** then went back into the garage and came out with a second large Home Depot box, which he also put in the trunk. Agents observed that the boxes were fully taped and appeared heavy based on how **HARROLD** was carrying them. Once the boxes were in the trunk, **HARROLD** departed in the Impala.

10.    Agents continued to follow **HARROLD** as he went to several locations suspected to be marijuana stash houses for the **LIN** organization and observed **HARROLD** put large black trash bags in the trunk of his vehicle. Agents then coordinated to have state law enforcement conduct a traffic stop on **HARROLD**, whose vehicle was found to contain approximately 57.41 pounds of marijuana.

11.    Toll analysis of **HARROLD**'s phone number (616) 334-9329[1] indicates that between April 17, 2021, to May 3, 2023, HARROLD has been in contact with multiple cellular devices belonging to LIN no less than 3,193 times.

12.    On May 2, 2023, in connection with that investigation, a sealed criminal complaint was filed against **HARROLD** and others charging them with a drug conspiracy, specifically a conspiracy to possess with intent to

---

[1]    This number was identified on December 16, 2021 when agents issued a subpoena to a storage facility where HARROLD was found to be keeping marijuana belonging to the LIN organization.

distribute and to distribute of marijuana, from on or about January 1, 2019, through on or about May 1, 2023, in violation of 21 U.S.C. § 846. On the same day, a federal arrest warrant was issued for **HARROLD**.

13.    On May 10, 2023, pursuant to that arrest warrant, **HARROLD** was arrested in Louisville, Kentucky. During the arrest, **HARROLD** had the **SUBJECT DEVICE** on his person and was seized by law enforcement during the arrest. The phone was then transferred to the HSI office in Oklahoma City where it is currently being held.

14.    Based upon my training and experience, I am aware that individuals involved in trafficking illegal drugs and/or money laundering often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

15.    Based on my training and experience, I know that individuals involved in trafficking illegal drugs and/or money laundering often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and store these photographs using their cell phones. I also know

from training and experience that evidence of financial transactions conducted in furtherance of drug trafficking and money laundering will often be found on a suspect's cell phone.

16.    Based on my training and experience, I know that electronic devices like **SUBJECT DEVICE** can store information for long periods of time, even years. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device. This information can sometimes be recovered months or years later using readily-available forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

## AUTHORIZATION REQUEST

17.    Based on the above information, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **SUBJECT DEVICE**. Therefore, I respectfully request that this Court issue a search warrant for the **SUBJECT DEVICE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

9

18.    Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **SUBJECT DEVICE** consistent with the warrant. The examination may require law enforcement to employ techniques, including but not limited to computer-assisted scans of the entire medium, which might expose many parts of the **SUBJECT DEVICE** to human inspection in order to determine whether it is evidence described by the warrant.

19.    Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

_____

Josh Reinsch
Special Agent, HSI


SUBSCRIBED AND SWORN to before me this 6th day of June, 2023.

_____

AMANDA MAXFIELD GREEN
United States Magistrate Judge

10

## ATTACHMENT A

The property to be searched is a gray Google phone, serial number unknown, hereinafter **SUBJECT DEVICE**. **SUBJECT DEVICE** is currently located at the Oklahoma City field office of Homeland Security Investigations, located at 3625 NW 56th St., Third Floor, Oklahoma City, Oklahoma 73112. This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT B

1. All records on the **SUBJECT DEVICE** described in Attachment A that relate to violations of 21 U.S.C. § 846 and that involve **HARROLD**, and other co-conspirators, from January 1, 2019, through present, including but not limited to:

   a. lists of customers and co-conspirators and related identifying information;

   b. communications and evidence of communications, including but not limited to call logs, voicemails, text messages, multimedia messages, emails, and messages sent through applications, between the user of the **SUBJECT DEVICE** and customers and co-conspirators;

   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   e. any information recording **HARROLD's** schedule or travel, including but not limited to location information; and

   f. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the **SUBJECT DEVICE** at the time the things described in this warrant were created,

edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.